IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLENN ELWOOD VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-370 (MN) (SRF) |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

WHEREAS, United States Magistrate Judge Sherry R. Fallon issued a 26-page Report and Recommendation ("R&R") (D.I. 24), dated August 21, 2018, recommending that Plaintiff Glenn Elwood Vaughn's ("Plaintiff" or "Vaughn") motion for summary judgment (D.I. 13) be denied and that Defendant's cross motion for summary judgment (D.I. 19) be granted;

WHEREAS, on September 4, 2018, Plaintiff timely objected to the R&R (D.I. 26);

WHEREAS, on September 24, 2018, Defendant responded to Plaintiff's objections (D.I. 27) incorporating by reference Defendant's response to Plaintiff's arguments in support of his motion for summary judgment. (D.I. 20);

WHEREAS, the Court has considered the motions *de novo, see Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED this 26th day of September 2018 that:

1. Plaintiff's objections (D.I. 26) are OVERRULED. Judge Fallon's R&R (D.I. 24) is ADOPTED. Consistent with Judge Fallon's R&R, Plaintiff's motion for summary judgment

(D.I. 13) is DENIED, and Defendant's cross motion for summary judgment (D.I. 19) is GRANTED.

2. Plaintiff objects to Judge Fallon's conclusion that the ALJ properly considered all relevant medical evidence pertaining to Mr. Vaughn's impairments and provided sufficient reasons to discern its decision that Mr. Vaughn had the capacity for light work. (D.I. 26 at 1-3). Plaintiff contends that in evaluating Mr. Vaughn's impairments and determining his residual functional capacity ("RFC"), the ALJ failed to consider contradictory objective evidence of:

- the complete findings of the MRI of the cervical spine dated October 2012 which showed more than mild findings. (Tr. 24, 894-895);

- the complete findings of the EMG of the upper extremities dated March 2013 which showed multiple diagnoses. (Tr. 601);

- objective findings of right upper extremity weakness; decreased muscle strength; decreased range of motion; and atrophy. (Plaintiff's Brief at 16);

- physical therapy evaluation report dated June 4, 2014 which showed difficulty using his arm, gripping, pulling as well as weakness and decreased ability to use the right arm. (Tr. 770-772).

(D.I. 26 at 2-3).

3. Contrary to Plaintiff's argument, the Court finds the ALJ did not fail to consider relevant or contradictory evidence relating to Plaintiff's right shoulder and cervical spine impairments or his multiple diagnoses. The ALJ recognized that Plaintiff had multiple impairments of degenerative disc disease of the cervical spine, right rotator cuff repair, major depressive disorder, and anxiety (Tr. 19). The ALJ further determined that "the facts in the record do not dispute that Vaughn has conditions, which singly or in combination may cause him pain." (Tr. 24-25).

4. Moreover, the ALJ cited to the October 2012 MRI (Tr. 23, 25) and March 2013 EMG studies (Tr. 23) referenced in the Objections. He noted that "[d]iagnostic imaging shows

degenerative changes at multiple cervical levels with no definite evidence of cord compression in the cervical region (Exhibit 28F at page 2). An EMG/Nerve Conduction Study showed cervical radiculopathy (Exhibit 17F at page 4)." (*Id.*). He further noted that the "[d]iagnostic testing does show degenerative changes, but they are relatively mild (Exhibit 28F at page 2)." (Tr. 25).

5. In his findings, the ALJ recognized that although Mr. Vaughn's symptoms did not completely resolve, they had improved. (Tr. 25). For example, he noted that Mr. Vaughn had "had a series of steroid injections and nerve blocks, which were helpful in decreasing his pain (Exhibits 15F at page 1, 22F at page 2, 23F at page 23, 29F at pages 2-4, and 30F at page 2). For example, in September 2013, he reported 40 to 50% relief from cervical injections and a physical examination revealed good neck range of motion and minimal pain in the cervical area (Exhibit 30F at page 2)." (Tr. 23). Similarly, the ALJ recognized that in July, September, and October of 2013, Mr. Vaughn reported improvements in his pain and feelings of weakness. (Tr. 24).

6. The ALJ need not undertake an exhausted discussion of the record. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). The ALJ is not required to evaluate every piece of evidence. *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ's analysis is proper, if it articulates the analysis of the evidence and does not ignore an entire line of evidence. *Id.* Here, to reach its conclusion that Mr. Vaughn had the RFC for light work, the ALJ reviewed the entire record, including Mr. Vaughn's testimony and medical records, the opinions and notes of Mr. Vaughn's treating sources and the medical opinions of the state agency. (Tr. 22-27). The ALJ did not ignore an entire line of evidence. Thus, the Court agrees with the R&R that the ALJ considered all the record evidence and provided sufficient reasons for the court to discern his decision.

7. Plaintiff also objects to Judge Fallon's conclusion that substantial evidence supported the ALJ's decision to give less weight to the opinions of Mr. Vaughn's medical providers, Drs. Gluckman and Fras. (D.I. 26 at 1, 3-4). Plaintiff asserts that the ALJ erred in his

assessment that the opinions were not supported by diagnostic testing or physical exams and that there was improvement in his symptoms, because, as asserted previously, the "ALJ failed to appreciate portions of the medical evidence including diagnostic tests and exam findings that supported the opinions of these physicians." (D.I. 26 at 7).

8. As an initial matter, it is not for the Court to re-weigh the medical opinions in the record. *See Gonzalez v. Astrue*, 537 F. Supp. 2d 644, 659 (D. Del. 2008). Rather, the Court must determine whether substantial evidence exists to support the ALJ's weighing of those opinions. *See id.* Here, as the R&R explained, the ALJ considered all relevant factors in determining how much weight to afford to the opinions of Drs. Gluckman and Fras and cited specific reasons for his decision. (D.I. 24 at 22-26). As noted by the ALJ, the diagnostic tests and physical examinations do not support the opinion that Plaintiff cannot work (Tr. 24-25). Although Mr. Vaughn's symptoms did not completely resolve, they had improved. (Tr. 25). Most recently, the physical examination performed by Dr. Fras was essentially normal (Tr. 24-25). Thus, the Court agrees with the R&R that substantial evidence supports the ALJ's decision to assign these opinions less than controlling weight.

BY THE COURT:

_____
The Honorable Maryellen Noreika
United States District Judge

4